UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAURA WONDERCHECK, Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 1:19-CV-00640 |
| MAXIM HEALTHCARE SERVICES, INC., Defendant. | § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Laura Wondercheck ("Wondercheck" or "Plaintiff") files this Original Complaint against Defendant Maxim Healthcare Services, Inc. ("Maxim" or "Defendant"), alleging violations of the False Claims Act, 31 U.S.C. § 3730(h), and National Defense Authorization Act, 41 U.S.C. § 4712, and would show as follows:

Defendant contracts with federal government agencies, including the Department of Homeland Security ("DHS"). While working for Defendant, Plaintiff discovered that her supervisor was committing fraud against the federal government. Plaintiff followed Defendant's procedures and reported this fraud. Defendant investigated the fraud allegations and terminated the supervisor. However, Defendant also terminated Plaintiff for reporting the fraud. Defendant's actions violate the law.

### I.   PARTIES

1. Plaintiff, Laura Wondercheck is an individual who resides in Wimberley, Hays County, Texas.

2. Defendant, Maxim Healthcare Services, Inc. is an active domestic for-profit corporation which is authorized to do business in Texas and is doing business in Texas. Process may be served by serving Defendant's registered agent, Prentice Hall Corporation System, 7227 Lee Deforest

Drive, Columbia, MD, 21046.

## II.   JURISDICTION AND VENUE

3.  This Court has jurisdiction to hear this complaint under 28 U.S.C. § 1331, this action being brought under both 41 U.S.C. § 4712 and 31 U.S.C. § 3730(h).

4.  Venue is proper as the acts giving rise to this lawsuit occurred within the Western District of Texas.

## III.   FACTS

5.  On or around July 13, 2015, Defendant hired Plaintiff as a pharmacy technician in the South Texas Family Residential Facility ("STFRF") located at Texas 1925 W. Highway 85, Dilley, TX 78017.

6.  The Dilley facility is a detainment facility for undocumented immigrant women and children that exists to provide residential housing, educational opportunities, and healthcare for immigrants who are awaiting their due process before immigration courts.

7.  Defendant contracts with the Department of Homeland Security ("DHS") to provide services for this facility. The relationship is governed by contracts including Contract No. HSCEDM-15-C-00004 awarded to Defendant by the DHS Immigration and Customs Enforcement ("ICE"), for medical services at the STFRF.

8.  During her employment with Maxim, Pharmacist An Nguyen, Pharm.D. supervised Plaintiff.

9.  Plaintiff discovered Dr. Nguyen ordered pharmaceuticals meant for men and were not meant for and could not be administered to the immigrant women and children clients at the facility.

10. Plaintiff discovered Dr. Nguyen ordered pharmaceuticals including but not limited to

Rogaine (to treat male baldness), fish oil, and Metformin 850 mg tablets[1].

11. Plaintiff investigated and discovered that Dr. Nguyen appeared to be ordering and taking these medications to personally use for himself and giving them to his family members.

12. Plaintiff witnessed Dr. Nguyen ingesting the fish oil himself.

13. Plaintiff knew that the federal government was paying for these medications.

14. Plaintiff was concerned that if she reported the fraud of Dr. Nguyen, Maxim would fire her.

15. Plaintiff took reporting the fraud very serious.

16. Plaintiff took time to look through invoices and the McKesson account to be certain reporting fraud was the correct avenue.

17. Plaintiff spent extra time researching Maxim's procedures to ensure she had good cause to report fraud.

18. On or around June 16, 2016, Plaintiff called Defendant's integrity hotline to report that the pharmacist, Dr. Nguyen, was using government funds to purchase medications for his own personal use, which would constitute fraud on the government.

19. Among other things, Plaintiff reported that Dr. Nguyen purchased Lovaza, an expensive fish oil supplement, and Minoxidil, also known as Rogaine, for personal use.

20. On or around June 20, 2016, Defendant's Contract Manager, Shawn Coffin, came to the pharmacy and escorted Dr. Nguyen out.

21. Dr. Nguyen never returned to STFRF.

22. Later that day, July 20, 2016, public health officers came to the pharmacy to document the Lovaza, Minoxidil, and other pharmaceuticals that were present.

---

[1] Both of Dr. Nguyen's parents were taking Metformin. A 1000 count bottle of Metformin disappeared from the pharmacy on at least one occasion that Plaintiff is aware of.

23. That same day, July 20, 2016, Coffin took Plaintiff to lunch at Milley's Mexican Restaurant and typed notes of their discussion.

24. During the meeting with Coffin, Plaintiff was asked if she would like to remain anonymous.

25. Although Plaintiff's complaint was initially made anonymously, Coffin and Defendant's Corporate Representative, Tom Gillespie, knew that Plaintiff made the complaint.

26. Coffin made a reference to Plaintiff that Dr. Nguyen "must be a moron if he thinks we would never find out about this."

27. However, Dr. Nguyen had apparently gotten away with it until Plaintiff made her report.

28. Coffin further asked Plaintiff questions about why she reported the fraud and said that doing so "took a lot of guts."

29. On or around June 28, 2016, Plaintiff was escorted out of the facility and suspended her pending an "investigation."

30. During this "investigation," Coffin called Plaintiff and asked her why she waited so long to report her supervisor's fraud.

31. On or around July 5, 2016, Coffin and Jawn Oilar, a supervisor for Defendant, spoke to Plaintiff on the phone and told her she had waited too long to report her supervisor's fraud.

32. On July 11, 2016, Gillespie called Plaintiff to tell her that Defendant had decided to terminate its relationship with her and that she was fired.

33. Plaintiff asked why she was being fired and pointed out that she followed Maxim's procedure by reporting her supervisor's fraud.

34. Gillespie responded that it was because of the length of time Plaintiff waited to report the fraud.

35. No one from Defendant's Human Resources Department ever called or otherwise contacted Plaintiff to inform her of the termination, perform an exit interview, or send her a packet of off-boarding information.

36. Defendant later sent Plaintiff a termination letter dated July 11, 2016, signed by both Gillespie and Coffin.

37. The letter provides only one reason for firing Plaintiff, failure to timely report.

38. Defendant has no written policy specifying a length of time in which it is necessary to report fraud.

39. Defendant's contracts with the federal government contains no written policies specifying a specific length of time in which it is necessary to report fraud.

40. Plaintiff filed a report with the Office of the Inspector General for the DHS ("OIG") regarding the issues set forth above.

41. The OIG opened an investigation into the termination of Plaintiff and Plaintiff's allegations.

### IV. FIRST CAUSE OF ACTION: VIOLATION OF 41 U.S.C. § 4712

42. Plaintiff incorporates paragraphs 1-39 as if reinstated herein.

43. Defendant violated the National Defense Authorization Act, 41. U.S.C. § 4712 ("NDAA").

44. Defendant is a contractor and/or subcontractor of the federal government.

45. Plaintiff reported a violation of law, rule or regulation covered by the NDAA.

46. Plaintiff reported to Maxim's hotline that Dr. Nguyen fraudulently acquired pharmaceutical medications for personal and his family's use by billing the federal government for them.

47. Plaintiff's report of fraud was made to Maxim's hotline designed for these purposes and to

a management or other employee of Defendant who has the responsibility to investigate, discover or address misconduct.

48. Plaintiff was terminated from Maxim for reporting fraud.

49. Plaintiff reported the fraud and the retaliatory termination by Defendant to the OIG.

50. The OIG has concluded their investigation and no report of determination has been issued.

51. It has been more than 210 days since the submission of the complaint to the OIG.

52. Plaintiff has exhausted all remedies under the statute.

53. All conditions precedent to the filing of this suit have been met.

## V.   SECOND CAUSE OF ACTION: VIOLATION OF 31 U.S.C. § 3730(h)

54. Plaintiff incorporates paragraphs 1-51 as if reinstated herein.

55. Defendant violated the False Claims Act, 31 U.S.C. § 3730(h).

56. Plaintiff had knowledge of Defendant fraudulently billing the federal government for medications for personal use.

57. Plaintiff reported this to management at Defendant.

58. Plaintiff engaged in protected activity under this statute.

59. Defendant knew that Plaintiff engaged in protected activity.

60. Defendant terminated Plaintiff's employment because she engaged in this protected activity.

## VI.   JURY DEMAND

61. Plaintiff demands a trial by jury and will tender the appropriate fees.

## VII.   PRAYER

62. WHEREFORE, Plaintiff respectfully prays that Defendant be cited to appear and, that upon a trial on the merits, that all relief requested be awarded to Plaintiff, and for such other and further

relief to which Plaintiff be justly entitled:

a. All actual damages, including but not limited to past and future lost wages, past and future lost benefits, lost benefits of contract, consequential damages, reinstatement of lost fringe benefits or seniority rights;

b. Mental anguish/ compensatory damages;

c. Exemplary/ punitive damages;

d. Pre-judgment and post-judgment interest as allowed by law;

e. Court costs and expenses, and litigation expenses, including but not limited to the expenses for any expert witnesses;

f. Injunctive relief prohibiting Defendant from further engaging in unlawful practices,

g. Equitable relief, including reinstatement, front pay;

h. Attorney's fees; and

i. Any such further relief as the Court deems proper and just under the circumstances.

Respectfully Submitted,

**KAPLAN LAW FIRM, PLLC**
406 Sterzing Street
Austin, Texas 78704
Telephone: (512) 553-9390
Telecopier: (512) 692-2788
www.kaplanlawatx.com

By: */s/ Austin Kaplan*
**Austin Kaplan**
State Bar No. 24072176
akaplan@kaplanlawatx.com