UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAURA WONDERCHECK,<br>Plaintiff,<br><br>v.<br><br>MAXIM HEALTHCARE SERVICES, INC.,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:19-CV-00640-LY |

## JOINT CONFERENCE AND
## ALTERNATIVE DISPUTE RESOLUTION REPORT

Counsel for the parties to this action conferred on September 19, 2019, in accordance with Federal Rule of Civil Procedure 26(f). The parties now submit the following Joint Conference Report and Alternative Dispute Resolution Report.

1. Rule 26(f) Conference: The Parties met in a teleconference on September 19, 2019 to discuss all matters pertaining to Fed. R. Civ. P. 26(f). In the conference, Plaintiff was represented by Austin Kaplan and Defendant was represented by Lindsay Hedrick.

2. Nature and Basis of Claims and Defenses: Plaintiff has brought this suit alleging two causes of action: (1) violations of the False Claims Act, 31 U.S.C. § 3730(h); and (2) violations of the National Defense Authorization Act, 41 U.S.C. § 4712. Defendant denies that Plaintiff is entitled to any of the relief she seeks.

3. Possibility of Prompt Settlement: The Parties agree to discuss potential resolution after they exchange additional information, including initial disclosures and discovery.

4. Proposed Scheduling Order: The Parties conferred and agreed upon a Proposed Scheduling Order which shall be filed under separate cover on the form designated by this Court.

5. Rule 26(f) Discovery Plan: The Parties conferred and agreed upon all Federal Rule 26(f) matters and their collective positions are as follows:

    a.  26(f)(3)(A): No Party requested changes in the form or requirement for disclosures under Rule 26(a)(1). The Parties agreed that the Rule 26(a)(1) disclosures will be made by October 3, 2019.

    b.  26(f)(3)(B): The Parties discussed the scope of discovery to include all matters arising out of the allegations made by Plaintiff in her Complaint and all damages and defenses. No Party requested that the discovery shall be conducted in phases or limited to particular issues.

    c.  26(f)(3)(C): The Parties agree to produce currently known electronic information in PDF format, and to confer regarding production of other electronic information if the volume is such that PDF production is impractical, if and when such information is identified. Additionally, the Parties agree that native-format production may be necessary for certain files, and further agree to produce native-format files pursuant to separate agreement upon specific request and sufficient showing from the other Party.

    d.  26(f)(3)(D): The Parties agree to confer regarding protection of Defendant's trade secret and/or confidential information. The Parties did not have any issues related to privilege or protection of confidential information that need to be addressed at this time.

    e.  26(f)(3)(E): No Party requests changes to the limitations on discovery established by the Local Rules or the Federal Rules.

6.  <u>26(f)(3)(F): At this time, no Party has requested other orders pursuant to Alternative Dispute Resolution</u>. Pursuant to Local Rule CV-88, the parties report that settlement or resolution discussions shall commence during discovery. Counsel for each party are responsible for negotiations. Should the action proceed through discovery, the parties

agree that mediation would be appropriate.


Respectfully submitted,

| | |
|---|---|
| _____ | _/s/ Lindsey Hedrick_____ |
| Austin Kaplan | Lindsay A. Hedrick |
| State Bar No. 24072176 | State Bar No. 24067655 |
| akaplan@kaplanlawatx.com | lahedrick@jonesday.com |
| KAPLAN LAW FIRM, PLLC | Jones Day |
| 406 Sterzing St. | 2727 North Harwood Street |
| Austin, Texas 78704 | Dallas, Texas 75201 |
| PH: 512.553.9390 | PH: 214.220.3939 |
| FX: 512.692.2788 | FX: 214.969.5100 |
| | |
| **ATTORNEY FOR PLAINTIFF** | **ATTORNEY FOR DEFENDANT** |