**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **LAURA WONDERCHECK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 1:19-cv-00640-LY** |
| **MAXIM HEALTHCARE SERVICES, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT MAXIM HEALTHCARE SERVICES, INC.'S**
**PROPOSED JURY INSTRUCTIONS**

Pursuant to Local Rule CV-16(e)(7), Defendant Maxim Healthcare Services, Inc. submits

the attached proposed jury instructions for the Court's consideration.[1]

Dated: November 6, 2020

Respectfully submitted,

*/s/ Lindsay A. Hedrick*
Lindsay A. Hedrick
Texas State Bar No. 24067655
Victoria L. Bliss
Texas State Bar No. 24105479
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201
Phone:  (214) 220-3939
Fax:  (214) 969-5100
E-mail: lahedrick@jonesday.com
        vbliss@jonesday.com

*Attorneys for Defendant Maxim Healthcare*
*Services, Inc.*

---

[1] Because this proposed charge is being filed before trial commences and trial may be postponed due to the COVID-19 pandemic, Maxim seeks the right to supplement, amend, modify, substitute, or withdraw any of the requested instructions and questions before the Court submits the charge to the jury.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 6, 2020, I electronically filed the foregoing with the Clerk

of the Court by using the CM/ECF system, which will send electronic notice to all counsel of record.

*/s/ Lindsay A. Hedrick*
Lindsay A. Hedrick

**PRELIMINARY INSTRUCTIONS**

**INSTRUCTIONS FOR BEGINNING OF TRIAL**

Members of the jury panel, if you have a cell phone, PDA, Blackberry, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off.  Do not turn it to vibrate or silent; power it down.  During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate.  I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court.  You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case.  For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.  Some of the people you encounter may have some connection to the case.  If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

3

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.[2]

---

[2] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 1.1 (2014, rev. June 2020).

## PRELIMINARY INSTRUCTIONS TO JURY

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case.  As the judge, I will decide all questions of law and procedure.  As the jury, you are the judges of the facts.  At the end of the trial, I will instruct you on the rules  of law that you must apply to the facts as you find them.

You may take notes during the trial.  Do not allow your note-taking to distract you from listening to the testimony.  Your notes are an aid to your memory.  If your memory should later be different from your notes, you should rely on your memory.  Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day.  During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology.  For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text  or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate.  It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other.  The parties, the witnesses, the attorneys, and persons

associated with the case are not allowed to communicate with you.  And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case.  You must rely solely on what you see and hear in this courtroom.  Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case.  Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it.  Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony.  In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss.  These issues are not part of what you must decide and they are not properly discussed in your presence.  To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing.  When I confer with the attorneys at the bench, please do not listen to what we are discussing.  If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin.  Lawyers for each side will make an opening statement.  Opening statements are intended to assist you in understanding the significance of the evidence that will be presented.  The opening statements are not evidence.

After the opening statements, the plaintiff will present her case through witness testimony and documentary or other evidence.  Next, the defendant will have an opportunity to present its

case.  The plaintiff may then present rebuttal evidence.  After all the evidence is introduced, I will

instruct you on the law that applies to this case.  The lawyers will then make closing arguments.

**Closing arguments are not evidence, but rather the attorneys' interpretations of what the**

**evidence has shown or not shown.  Finally, you will go into the jury room to deliberate to**

**reach a verdict.**

**Keep an open mind during the entire trial.  Do not decide the case until you have**

**heard all of the evidence, my instructions, and the closing arguments.**

**It is now time for the opening statements.**[3]

---

[3] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 1.2 (2014, rev. June 2020).

## **GENERAL INSTRUCTIONS**

### **FIRST RECESS**

We are about to take our first break in this trial.  Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors.  If anyone approaches you and tries to talk to you about the case, advise me about it immediately.  Do not read or listen to any news reports of the trial or use any technology tools to do independent research.  Remember to keep an open mind until all the evidence has been received.  Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.[4]

---

[4] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 2.1 (2014, rev. June 2020).

## DEPOSITION TESTIMONY

Certain testimony will now be presented to you through a deposition.  A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers will be shown to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.[5]

---

[5] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 2.13 (2014, rev. June 2020).

**JURY CHARGE**

**JURY CHARGE**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case.  The law contained in these instructions is the only law you may follow.  It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression.  If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression.  You are the sole judges of the facts of this case.  Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence.  The statements of counsel are not evidence; they are only arguments.  It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest.  What the lawyers say or do is not evidence.  You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments.  You must determine the facts from all the testimony that you have heard and the other evidence submitted.  You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom.[6]

Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[7]

---

[6] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 3.1 (2014, rev. June 2020).

[7] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 2.16 (2014, rev. June 2020).

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Plaintiff Laura Wondercheck has the burden of proving her case by a preponderance of the evidence.  To establish by a preponderance of the evidence means to prove something is more likely so than not so.  If you find that Plaintiff Laura Wondercheck has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.[8]

---

[8] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 3.2 (2014, rev. June 2020).

**EVIDENCE**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence.  One is direct evidence, such as testimony of an eyewitness.  The other is indirect or circumstantial evidence.  Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[9]

A "stipulation" is an agreement.  When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts.  You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

Here, the parties have stipulated to the following facts:

- [INSERT ANY STIPULATED FACTS][10]

---

[9] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 3.3 (2014, rev. June 2020).

[10] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 2.3 (2014, rev. June 2020) (modified for circumstances of the case).

## WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses.  In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances.  Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand?  You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides.  Witness testimony is weighed; witnesses are not counted.  The test is not the relative number of witnesses, but the relative convincing force of the evidence.  The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.[11]

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it.  People may forget some things or remember other things inaccurately.  If a witness made a misstatement, consider whether that misstatement was an

---

[11] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 3.4 (2014, rev. June 2020).

intentional falsehood or simply an innocent mistake.  The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[12]

Certain testimony has been presented to you through a deposition.  A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers have been shown to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.[13]

---

[12] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 2.11 (2014, rev. June 2020).

[13] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 2.13 (2014, rev. June 2020).

## NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.[14]

---

[14] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 3.6 (2014, rev. June 2020).

## DUTY TO DELIBERATE; NOTES

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong.  But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts.  You have been allowed to take notes during this trial.  Any notes that you took during this trial are only aids to memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors.  Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson/presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous.  After you have reached a unanimous verdict, your jury foreperson/presiding juror must fill out the answers to the written questions on the verdict form and sign and date it.  After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson/presiding juror should write the inquiry and give it to the court security officer.  After consulting with the attorneys, I will respond either in writing or by meeting with you in the

courtroom.  Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.[15]

---

[15] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 3.7 (2014, rev. June 2020).

## RETALIATION UNDER THE FEDERAL FALSE CLAIMS ACT

Plaintiff Laura Wondercheck claims that she was retaliated against by Defendant Maxim for engaging in activity protected by the False Claims Act.  Plaintiff Laura Wondercheck claims that she reported to Defendant Maxim that her supervisor was engaging in fraud.  Plaintiff Laura Wondercheck claims that Defendant Maxim retaliated against her by terminating her.

Defendant Maxim denies Plaintiff Laura Wondercheck's claims and contends that Defendant Maxim decided to end her employment for a legitimate and nondiscriminatory reason; namely, her delay in reporting the fraud she witnessed.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by the False Claims Act.  To prove unlawful retaliation, Plaintiff Laura Wondercheck must prove by a preponderance of the evidence that:

1. Plaintiff Laura Wondercheck engaged in protected activity when she reported her supervisor's fraud;

2. Defendant Maxim knew about the protected activity; and

3. Defendant Maxim terminated Plaintiff Laura Wondercheck because of her protected activity.[16]

You need not find that the only reason for Defendant Maxim's decision was Plaintiff Laura Wondercheck's fraud report.  But you must find that Defendant Maxim's decision to terminate Plaintiff Laura Wondercheck would not have occurred in the absence of—but for—her fraud report.[17]

---

[16] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 11.5(B) (2014, rev. June 2020) (modified for circumstances of case); *United States ex rel. King v. Solvay Pharms., Inc.*, 871 F.3d 318, 332 (5th Cir. 2017).

[17] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 11.5(B) (2014, rev. June 2020).

If you disbelieve the reason Defendant Maxim has given for its decision, you may, but are not required to, infer that Defendant Maxim would not have decided to terminate Plaintiff Laura Wondercheck but for her engaging in the protected activity.[18]

---

[18] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 11.5(B) (2014, rev. June 2020).

## BUSINESS JUDGMENT

Even if you believe that Maxim made the wrong decision or exercised poor business judgment, you may not return a verdict for Plaintiff Laura Wondercheck on her False Claims Act retaliation claim unless she proves by a preponderance of the evidence that Maxim terminated her because of her protected activity.  Employers are entitled to make employment decisions for good reasons, bad reasons, or no reason at all, so long as the decision is not for a retaliatory reason. When you are considering the reasons that Defendant Maxim has given for terminating Plaintiff Laura Wondercheck, you may not substitute your judgment for that of Maxim.  Moreover, it is not enough for you to find that any decision or investigation by Maxim was imperfect or arrived at an incorrect conclusion.[19]

---

[19] *Price v. Rosiek Constr. Co.*, 509 F.3d 704, 708-09 (5th Cir. 2007); *Bryant v. Compass Grp. USA, Inc.*, 413 F.3d 471, 478 (5th Cir. 2005); *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 581 (5th Cir. 2004); *Julian v. City of Houston*, 314 F.3d 721, 727 (5th Cir. 2002); *Cephus v. Tex. HHS Comm'n*, 146 F. Supp. 3d 818, 831 (S.D. Tex. 2015) (citing Medlock v. Ace Cash Express, Inc., 589 F. App'x 707, 710 (5th Cir. 2014)).

**RETALIATION UNDER THE NATIONAL DEFENSE AUTHORIZATION ACT**

The National Defense Authorization Act prohibits discrimination against employees of government contractors for disclosing information that the employee reasonably believes demonstrates gross mismanagement of a federal contract, a gross waste of federal funds, an abuse of authority relating to a federal contract, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a federal contract.

Plaintiff Laura Wondercheck claims that she was retaliated against by Defendant Maxim for engaging in activity protected by the National Defense Authorization Act.  Plaintiff Laura Wondercheck claims that she reported to Defendant Maxim that her supervisor was engaging in fraud.  Plaintiff Laura Wondercheck claims that Defendant Maxim retaliated against her by terminating her.

Defendant Maxim denies Plaintiff Laura Wondercheck's claims and contends that Defendant Maxim decided to terminate her for a legitimate and nondiscriminatory reason; namely, her delay in reporting the fraud she witnessed.

To prove unlawful retaliation, Plaintiff Laura Wondercheck must prove by a preponderance of the evidence that:

1. Plaintiff Laura Wondercheck made a protected disclosure;

2. Defendant Maxim knew of Plaintiff Laura Wondercheck's protected disclosure; and

3. Plaintiff Laura Wondercheck's protected disclosure was a contributing factor to her termination.

If you find from your consideration of all the evidence that any of these three listed elements have not been proved by Plaintiff Laura Wondercheck, then your verdict should be for Defendant Maxim.

If you find from your consideration of all the evidence that Plaintiff Laura Wondercheck has proven all of these three listed elements, then you must next consider whether Defendant Maxim has proven by clear and convincing evidence that it would have terminated Plaintiff Laura Wondercheck even if she had not made a protected disclosure.  If you find that Defendant Maxim would have terminated Plaintiff Laura Wondercheck even if she had not made a protected disclosure, then your verdict should be for Defendant Maxim.[20]

Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established.  It is evidence so clear, direct, weighty and convincing as to enable you to come to a clear conviction without hesitancy.[21]

---

[20] 41 U.S.C. § 4712(a)(1), (c)(6); *Armstrong v. The Arcanum Grp., Inc.*, 897 F.3d 1283, 1287 (10th Cir. 2018); *Craine v. Nat'l Sci. Found.*, 687 F. App'x 682, 692 (10th Cir. 2017).

[21] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 2.17 (2014, rev. June 2020).

## DAMAGES

If you find that Defendant Maxim violated the False Claims Act or the National Defense Authorization Act, then you must determine whether it has caused Plaintiff Laura Wondercheck damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Laura Wondercheck has proved liability.

Plaintiff Laura Wondercheck must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Laura Wondercheck need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Laura Wondercheck would have earned in her employment with Defendant Maxim if she had not been terminated from July 11, 2016 to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Laura Wondercheck received from employment during that time; and (2) the amount of other damages sustained by Plaintiff Laura Wondercheck such as mental anguish or emotional distress.

Back pay includes the amounts the evidence shows Plaintiff Laura Wondercheck would have earned had she remained an employee of Defendant Maxim. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant Maxim proves by a preponderance of the evidence Plaintiff Laura Wondercheck received during the period in question.

Defendant Maxim asserts that Plaintiff Laura Wondercheck failed to mitigate her damages. Plaintiff Laura Wondercheck has a duty under the law to mitigate her damages, that is, to exercise reasonable diligence under the circumstances to mitigate her damages.

To succeed on this defense, Defendant Maxim must prove, by a preponderance of the evidence:   (a) there was substantially equivalent employment available; (b) Plaintiff Laura Wondercheck failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff Laura Wondercheck's damages were increased by her failure to take such reasonable actions.  If Defendant Maxim can prove that Plaintiff Laura Wondercheck has not made reasonable efforts to obtain work, Defendant Maxim does not also have to establish the availability of substantially equivalent employment.[22]

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job she lost.  Plaintiff Laura Wondercheck does not have to accept a job that is dissimilar to the one she lost, one that would be a demotion, or one that would be demeaning.  The reasonableness of Plaintiff Laura Wondercheck's diligence should be evaluated in light of her individual characteristics and the job market.[23]

To recover compensatory damages for mental and emotional distress, Plaintiff Laura Wondercheck must prove that she has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award.  Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff Laura Wondercheck must support her claims with

---

[22] *Sellers v. Delgado Coll.*, 902 F.2d 1189, 1193 (5th Cir. 1990); *Crankshaw v. City of Elgin*, 1:18-CV-75-RP, 2019 WL 3883564, at *3 (W.D. Tex. May 8, 2019).

[23] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 11.14 (2014, rev. June 2020).

competent evidence of the nature, extent, and duration of the harm.  Damages for mental or emotional distress must be based on the evidence at trial.  They may not be based on speculation or sympathy.[24]

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Laura Wondercheck for the harm she has sustained.  Do not include as actual damages interest on wages or benefits.[25]

---

[24] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 10.13 (2014, rev. June 2020).

[25] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 11.14 (2014, rev. June 2020).

**JURY QUESTION**
**RETALIATION – FALSE CLAIMS ACT**

<u>**Question No. 1**</u>

Do you find that Plaintiff Laura Wondercheck would not have been terminated but for her report that her supervisor was engaging in fraud?

Answer "Yes" or "No."

Answer: _____ [26]

---

[26] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 11.5 (2014, rev. June 2020).

**JURY QUESTION**
**RETALIATION – NATIONAL DEFENSE AUTHORIZATION ACT**

**<u>Question No. 2</u>**

Do you find that Plaintiff Laura Wondercheck's protected disclosure was a contributing factor to her termination?

Answer "Yes" or "No."

Answer: _____ [27]

If you answered "Yes" to Question No. 2, then answer Question No. 3.

---

[27] *Armstrong v. The Arcanum Grp., Inc.*, 897 F.3d 1283, 1287 (10th Cir. 2018); *Craine v. Nat'l Sci. Found.*, 687 F. App'x 682, 692 (10th Cir. 2017).

**JURY QUESTION**
**SAME DECISION – NATIONAL DEFENSE AUTHORIZATION ACT**

<u>**Question No. 3**</u>

Do you find that Defendant Maxim would have terminated Plaintiff Laura Wondercheck even if she had not made a protected disclosure?

Answer "Yes" or "No."

Answer: _____ [28]

---

[28] *Armstrong v. The Arcanum Grp., Inc.*, 897 F.3d 1283, 1287 (10th Cir. 2018); *Craine v. Nat'l Sci. Found.*, 687 F. App'x 682, 692 (10th Cir. 2017).

**JURY QUESTION**
**COMPENSATORY DAMAGES**

**<u>Question No. 4</u>**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff

Laura Wondercheck for the damages, if any, you have found Defendant Maxim caused Plaintiff

Laura Wondercheck?

Answer in dollars and cents for the following items, and none other:

1.     Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$_____

2.     Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$_____

3.     Wages and benefits from July 11, 2016 to today's date.

$_____ [29]

---

[29] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 11.14 (2014, rev. June 2020); 31 U.S.C. § 3730(h)(2); 41 U.S.C. § 4712(c)(1).

**<u>Question No. 5</u>**

Do you find that Plaintiff Laura Wondercheck failed to reduce her damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her termination?

Answer "Yes" or "No."

Answer: _____

If you answered "Yes" to Question No. 5, then answer Question No. 6.[30]

---

[30] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 11.14 (2014, rev. June 2020).

**Question No. 6**

How much would Plaintiff Laura Wondercheck have earned had she exercised reasonable diligence under the circumstances to minimize her damages?

Answer in dollars and cents, if any.

$_____ [31]

---

[31] *Fifth Circuit Pattern Jury Instructions (Civil Cases)* § 11.14 (2014, rev. June 2020).