IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAURA WONDERCHECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:19-cv-00640-LY |
| MAXIM HEALTHCARE SERVICES, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT MAXIM HEALTHCARE SERVICES, INC.'S OPPOSED MOTION IN LIMINE TO EXCLUDE EVIDENCE UNRELATED TO PLAINTIFF LAURA WONDERCHECK'S FRAUD REPORT OR TERMINATION

Before the voir dire examination of the jury panel, Defendant Maxim Healthcare Services, Inc. submits this motion in limine to exclude matters that are inadmissible, irrelevant, and unduly prejudicial with respect to the material issues in this case. Maxim asks the Court to prohibit Plaintiff Laura Wondercheck and her counsel and witnesses from referring, directly or indirectly, in any manner, in the presence of the jury panel or the jury, to the matters stated below without first asking—outside the presence of the jury panel or the jury—for a ruling from the Court regarding the admissibility of such evidence.

Maxim requests that this Court preclude Wondercheck from offering into evidence documents or testimony regarding allegations of wrongdoing by Maxim unrelated to Wondercheck's employment by Maxim at the South Texas Family Residential Center in Dilley, Texas ("ICE Dilley"). Specifically, but not exclusively, Maxim seeks to exclude the following documents produced by Wondercheck in this case, along with testimony about such documents: (1) a July 4, 2015 Los Angeles Times article about children at ICE Dilley being given adult doses of the Hepatitis A vaccine; (2) the class action settlement agreement from *Moodie v. Maxim*

1

*Healthcare Services, Inc.*[1]; and (3) the Deferred Prosecution Agreement, Corporate Integrity Agreement, and Press Release arising out of Maxim's 2011 settlement with the United States Department of Justice. Such evidence—all of which is entirely unrelated to Wondercheck's own work experiences and termination and the fraud she reported—is inadmissible, irrelevant, likely to distract the jury, and prejudicial to Maxim. Accordingly, it should be excluded.

## ARGUMENT

The purpose of a motion in limine is to prohibit opposing counsel "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977). "[D]istrict courts are afforded wide discretion in determining the relevance and admissibility of evidence under [Federal Rules of Evidence] 401 and 402, and a district court's ruling on admissibility under Rule 403's balancing test will not be overturned on appeal absent a clear abuse of discretion." *Babin v. Plaquemines Par.*, 421 F. Supp. 3d 391, 395 (E.D. La. 2019).

**I.     The Los Angeles Times Article Must Be Excluded Because it Constitutes Hearsay and Is Inadmissible, Irrelevant, and Unduly Prejudicial.**

To the extent Wondercheck intends to introduce the Los Angeles Times article or testimony about children at ICE Dilley being given adult doses of the Hepatitis A vaccine, the Court should prevent such evidence from being shown to or discussed in the presence of the jury. As an initial matter, the article is inadmissible because it is hearsay that does not fall within any hearsay exception. *See* FED. R. EVID. 801, 802. News articles are "classic, inadmissible hearsay," and the

---

[1] Case No. 2:14-cv-03471-FMO-AS (C.D. Cal. Dec. 17, 2018).

Los Angeles Times article is no exception. *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005). Because the article does not fall under any hearsay exception, it is inadmissible.

The article is also inadmissible because it is improper "prior acts" evidence. *See* FED. R. EVID. 404(b). Under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Three factors govern the admissibility of evidence of prior acts: "(1) relevance to an issue other than character, (2) probative value outweighing the potential for prejudice, and (3) proof that the offense was in fact committed." *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1465 (5th Cir. 1992). Here, the Los Angeles Times article is irrelevant to any issue other than character. As discussed in more detail below, the potential for prejudice outweighs any probative value, as the article discusses a sensitive topic that is unrelated to Wondercheck's employment or the fraud she reported. And the article reflects no judgment or finding that Maxim was liable for the incident; rather, it indicates that an investigation was ongoing at the time the article was published. Therefore, it is inadmissible.

Even if the Court finds that the article is otherwise admissible, it is excludable because it is not relevant under Federal Rules of Evidence 401 and 402. Wondercheck's sole claim is that Maxim terminated her because she reported Nguyen's fraud. To prevail, she must show that Maxim would not have terminated her but for her report. The news article discusses an entirely unrelated incident that occurred over a year prior to Wondercheck's termination. The article does not state whether any Maxim employees were found to be at fault or what disciplinary or other remedial actions Maxim took as a result of this occurrence. This incident is not at issue in the instant action; therefore, the article is irrelevant.

Regardless, any slight probative value of the news article is substantially outweighed by the risk of unfair prejudice to Maxim, and such evidence would waste time, cause undue delay, and confuse the jury. *See* FED. R. EVID. 403. The news article discusses an emotional and politically-charged topic. It references not only the misadministration of children's vaccines but also calls to shut down facilities like ICE Dilley. The great risk of prejudice, confusing the issues, and misleading the jury, combined with the complete lack of a nexus to Wondercheck's claims in this action, renders this article inadmissible under Rule 403.

Accordingly, the Los Angeles Times article is inadmissible under Federal Rules of Evidence 401, 402, 403, 404, 801, and 802 and should be excluded.

## II.    The *Moodie* Settlement Is Inadmissible, Irrelevant, and Unduly Prejudicial, and Thus Should Be Excluded.

Relatedly, lawsuits filed by individuals other than Wondercheck should be excluded because they are inadmissible, irrelevant, and more prejudicial than probative. Wondercheck produced a Class Action Settlement Agreement from *Moodie v. Maxim Healthcare Services, Inc.*, a Central District of California lawsuit involving allegations that Maxim accessed employees' consumer reports through the use of invalid authorization forms. Applying the three factors listed above to the *Moodie* settlement agreement leads to the conclusion that it is inadmissible prior acts evidence. It is irrelevant to any issue other than Maxim's character. Its probative value is outweighed by the potential for prejudice because the subject of the *Moodie* lawsuit—an alleged violation of the Fair Credit Reporting Act—is completely unrelated to the subject of the instant whistleblower retaliation lawsuit and because the lawsuit did not result in a final judgment. *See Harrell*, 951 F.2d at 1465 ("In this case the previous judgment was not final. Thus, it was entitled to even less probative value."). Finally, because the case settled, there was no judgment or finding of liability and therefore no proof that Maxim in fact violated the Fair Credit Reporting Act.

The *Moodie* settlement also is excludable because it is irrelevant. It does not involve ICE Dilley, the managers and supervisors involved in the instant case, or allegations of whistleblower retaliation (or any retaliation at all). Moreover, the class period in *Moodie* is May 5, 2009 through August 27, 2012—years before Wondercheck even worked for Maxim. The settlement agreement holds no precedential value and is in no way analogous to this case. The sole question before the jury in this case is whether Wondercheck was the subject of whistleblower retaliation. Lawsuits filed by other individuals in different locations, with different supervisors, and pursuant to different legal theories are completely irrelevant. *See, e.g.*, *Carley v. Crest Pumping Techs., L.L.C.*, No. MO:15-CV-00161-DC, 2016 WL 8849697, at *1 (W.D. Tex. Aug. 21, 2016) (granting motion in limine and excluding evidence related to other lawsuits that did not involve the same type of claim and that were not brought by similarly situated employees); *Mindrup v. Goodman Networks, Inc.*, Civ. Action No. 4:14-CV-00157, 2015 WL 11089474, at *1 (E.D. Tex. Oct. 19, 2015) (excluding as irrelevant and prejudicial "[e]vidence regarding alleged . . . unlawful employment practices other than those allegedly experienced by Plaintiff").

Even if the *Moodie* settlement agreement had any probative value (it does not), that value would be substantially outweighed by the risk of unfair prejudice to Maxim. Non-final judgments, such as settlements, are "entitled to even less probative value" in the Fifth Circuit. *See Harrell*, 915 F.2d at 1465 (5th Cir. 1992). By contrast, the risk of unfair prejudice is great. The *Moodie* settlement will only tend to distract the jury, who might assign undue weight to the fact that Maxim settled a case. For these reasons, evidence related to the *Moodie* settlement should be excluded.

**III.    Documents and Testimony Related to Maxim's 2011 Settlement with the Department of Justice Are Inadmissible, Irrelevant, and Unduly Prejudicial and Are Thus Inadmissible.**

Similarly, documents and testimony related to Maxim's 2011 settlement with the U.S. Department of Justice should be excluded because they are inadmissible, irrelevant, and more prejudicial than probative. Like the *Moodie* settlement, evidence related to this settlement is inadmissible prior acts evidence because it is irrelevant to any issue other than Maxim's character and is highly prejudicial but has little probative value.

Further, documents related to the settlement are irrelevant. The Deferred Prosecution Agreement and Corporate Integrity Agreement were entered into in September 2011—almost four years before Wondercheck started working at ICE Dilley, approximately four years before Maxim and U.S. Immigration and Customs Enforcement ("ICE") executed the ICE Dilley contract at issue, and several months before Maxim hired Thomas Gillespie, the longest-tenured manager involved in the events at issue in Wondercheck's lawsuit. Moreover, the alleged fraudulent practices covered by Maxim's agreements with the Government ended in 2009 and thus are even further removed from the events at issue in this case. The allegations in 2011 related to government health care programs, not fraudulent activity in Maxim-staffed pharmacies. And there is no evidence that any retaliation allegations were made in connection with the events in 2011. Simply put, documents and testimony related to Maxim's 2011 settlement with the Department of Justice have no relationship to and no bearing on Wondercheck's individual claim for whistleblower retaliation at ICE Dilley in 2016.

The minimal probative value of evidence about the 2011 settlement is substantially outweighed by the likelihood that such evidence would confuse the jury and waste time. FED. R. EVID. 403. Admitting such evidence would only run the risk that the jury might unduly focus on

the information to infer culpability where none exists.  For all of these reasons, evidence related to the 2011 settlement should be excluded.

## CONCLUSION

For the foregoing reasons, the Court should grant Maxim's Motion and exclude documents or testimony regarding allegations of wrongdoing unrelated to Wondercheck's employment at ICE Dilley, fraud report, or termination.

Dated: November 6, 2020

Respectfully submitted,

/s/ Lindsay A. Hedrick
Lindsay A. Hedrick
Texas State Bar No. 24067655
Victoria L. Bliss
Texas State Bar No. 24105479
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201
Phone:  (214) 220-3939
Fax:  (214) 969-5100
E-mail: lahedrick@jonesday.com
vbliss@jonesday.com

*Attorneys for Defendant Maxim Healthcare Services, Inc.*

## **CERTIFICATE OF CONFERENCE**

Counsel for Maxim has complied with the Court's meet and confer requirement under Local Court Rule CV-7(i).  On November 5, 2020, Maxim's counsel conferred via telephone with Wondercheck's counsel regarding Maxim's intention to move for the exclusion of evidence of unrelated allegations of wrongdoing at ICE Dilley and/or by Maxim.  That same day, Wondercheck's counsel indicated that he was currently opposed to such a motion; however, the parties intend to continue conferring about the issues raised in the motion prior to the Final Pretrial Conference.

                                                      /s/ *Lindsay A. Hedrick*
                                                      Lindsay A. Hedrick

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send electronic notice to all counsel of record.

*/s/ Lindsay A. Hedrick*
Lindsay A. Hedrick