IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAURA WONDERCHECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:19-cv-00640-LY |
| MAXIM HEALTHCARE SERVICES, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT MAXIM HEALTHCARE SERVICES, INC.'S RESPONSE TO PLAINTIFF LAURA WONDERCHECK'S MOTION IN LIMINE**

Defendant Maxim Healthcare Services, Inc. files this Response to one of the four motions in limine made by Plaintiff Laura Wondercheck. To the extent Maxim does not address a motion in limine made by Plaintiff, Maxim does not waive its arguments regarding admissibility, but agrees to approach the bench to obtain a ruling before offering evidence on those topics.

Wondercheck asks the Court to grant her Motion with respect to "[a]ny testimony or reference to Defendant's purported claims that Wondercheck failed to mitigate her damages." Pl.'s Mot. in Lim. ¶ 3. Evidence that Wondercheck failed to mitigate her damages is not only relevant, it is necessary to Maxim's affirmative defense of failure to mitigate. Because such evidence is critical to a viable affirmative defense, its probative value outweighs any potential prejudice to Wondercheck.

Wondercheck cannot escape this conclusion by arguing that the defense is not viable in this case. Wondercheck attempts to rely on *Sparks v. Griffin* here, as she did at the summary judgment stage, to assert that Maxim must show both (1) Wondercheck failed to use reasonable care and diligence to obtain substantially equivalent employment and (2) substantially equivalent

1

work was available.  460 F.2d 433, 443 (5th Cir. 1972).  However, she again fails to acknowledge that the Fifth Circuit has held more recently that the employer is not required to prove the second element when it can prove the first.  *See Sellers v. Delgado Comm. Coll.* (*Sellers II*), 839 F.2d 1132, 1139 (5th Cir. 1988).  The Fifth Circuit subsequently reiterated this holding.  *See Sellers v. Delgago Comm. Coll.* (*Sellers III*), 902 F.2d 1189, 1193 (5th Cir. 1990); *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003).  And though there is some debate among the district courts about whether *Sparks* or *Sellers II* is controlling, the Fifth Circuit "has applied *Sellers II* more often and more recently."  *Rybar v. Corp. Mgmt.*, 2015 U.S. Dist. LEXIS 92688, Civ. Action No. 1:14-CV-242-KS-MTP, at *2 & n.3 (S.D. Miss. July 16, 2015) (collecting Fifth Circuit cases).  Finally, the Western District of Texas has recently followed *Sellers II*.  *See Crankshaw v. City of Elgin*, 1:18-CV-75-RP, 2019 WL 3883564, at *3 (W.D. Tex. May 8, 2019) ("[S]hould an employer prove 'that an employee has not made reasonable efforts to obtain work, the employer does not also have to establish the availability of substantially equivalent employment.'" (quoting *Sellers III*, 902 F.2d at 1193)).

Nevertheless, even if this Court follows *Sparks*, Maxim should be given the opportunity at trial to show that substantially equivalent employment was in fact available.  The fact that Maxim paid above market rate does not mean that no other employers also paid above market rate.  Maxim can attempt to prove this is true by, for example, questioning Wondercheck about the compensation she would have received from any of the employers to which she applied.  *Storr v. Alcorn State University*, the only case Wondercheck has identified in which a court granted a motion in limine on this topic, is inapposite.  No. 3:15-CV-618-DPJ-FKB, 2017 WL 3471191, at *4-5 (S.D. Miss. Aug. 11, 2017).  In that case, the plaintiff "requested Defendant to identify any potential jobs [to which] Defendant contends Plaintiff should have applied."  Pl.'s Mot. in Limine

at 3, *Storr*, ECF No. 45.  The defendant refused to answer.  *Id.*  Wondercheck never made such a request in this case; therefore, Maxim has not yet needed to provide evidence of substantially equivalent employment.  The availability of such employment is a highly fact-intensive issue and should be decided by, rather than withheld from, the jury.  *See, e.g.*, *Smith v. Tower Auto. Operations, USA, 1, LLC*, Civ. Action No. 3:13-CV-00967-CWR-FKB, 2014 WL 1404734, at *4 (S.D. Miss. Apr. 10, 2014) ("[T]he issue of mitigation of damages as it relates to back pay . . . is a fact-intensive issue that will be submitted to the jury . . . .").

## CONCLUSION

For the foregoing reasons, the Court should deny Wondercheck's Motion and permit Maxim to introduce evidence on and make reference to Wondercheck's failure to mitigate her damages.

Dated: November 13, 2020

Respectfully submitted,

*/s/ Lindsay A. Hedrick*
Lindsay A. Hedrick
Texas State Bar No. 24067655
Victoria L. Bliss
Texas State Bar No. 24105479
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201
Phone:  (214) 220-3939
Fax:  (214) 969-5100
E-mail: lahedrick@jonesday.com
            vbliss@jonesday.com

*Attorneys for Defendant Maxim Healthcare Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send electronic notice to all counsel of record.

*/s/ Lindsay A. Hedrick*
Lindsay A. Hedrick